# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES FRANSEN,<br><br>        Defendant. | No. CR05-3005-LRR<br><br>**ORDER** |

This matter comes before the court on its own motion.[1] In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

---

[1] At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to USSG §2D1.1. *See generally* USSG App. C at www.ussc.gov. Amendment 706 generally reduces by two levels the offense level that is applicable to cocaine base ("crack") offenses. On December 11, 2007, the Sentencing Commission voted to apply Amendment 706 retroactively to crack offenses, and it set March 3, 2008 as the date that Amendment 706 could be applied retroactively. The Sentencing Commission also promulgated amendments to USSG §1B1.10, which sets forth the conditions that must exist before a defendant is entitled to a sentence reduction as a result of an amended guideline range. *See generally* USSG App. C at www.ussc.gov. New USSG §1B1.10 took effect on March 3, 2008 and, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 706 within subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on Amendment 706 to reduce the defendant's sentence. *See generally United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997) (explaining requirements under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10). Originally, the court arrived at an adjusted total offense level of 28. Before reaching such offense level, the court applied USSG §2D1.1(a)(3)(A) and USSG §2D1.1(a)(3)(B)(i) when determining the defendant's base offense level of 30, subtracted two levels under USSG §2D1.1(b)(6) (now USSG §2D1.1(b)(11)), subtracted two levels under USSG §3B1.2(b)

2

and added two levels under USSG §3C1.1. Here, the defendant's base offense level is 30 under USSG §2D1.1(a)(3), two levels are subtracted under USSG §2D1.1(b)(6) (now USSG §2D1.1(b)(11)), two levels are subtracted under USSG §3B1.2(b) and two levels are added under USSG §3C1.1. Because it is improper to rely on USSG §2D1.1(a)(3)(B)(i) to decrease the defendant's base offense level by two levels, the defendant's adjusted total offense level remains the same. Amendment 706 does not impact the defendant's guideline range, and, therefore, he is not entitled to a reduction of his 78 month term of imprisonment. Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted.

The Clerk of Court is directed to send a copy of this order to the United States, the defendant and the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 3rd day of June, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA